736 S.W.2d 770 (1987)
Natividad DIAZ and Frances Diaz, Appellants,
v.
SOUTHWEST WHEEL, INC., Appellee.
No. 13-86-557-CV.
Court of Appeals of Texas, Corpus Christi.
June 25, 1987.
Rehearing Denied August 28, 1987.
Second Rehearing Denied September 17, 1987.
*771 Steve Q. McManus, Victoria, and John C. Risjord, Kansas City, Mo., for appellants.
Larry D. Thompson, Houston, for appellee.
Before DORSEY, UTTER and SEERDEN, J.J.

OPINION
DORSEY, Justice.
This is an appeal from a summary judgment in a products liability and negligence suit. We affirm the judgment of the trial court.
Appellants, Natividad Diaz and Frances Diaz, seek damages for injuries arising from an accident that occurred when Mr. Diaz was attempting to install a tire mounted upon a multi-piece wheel onto a dump truck owned and operated by his employer, Johnson Construction Company. The multi-piece wheel, a Firestone FL-type wheel, separated while being installed on the truck, striking Mr. Diaz and causing severe injuries.
Appellants sued Firestone Tire & Rubber Company and appellee, Southwest Wheel, Inc., alleging strict liability for a defective product, negligent failure to warn of the dangers of using the product, and conspiracy in attempting to oppose recall of these rims and to thwart efforts to ban or impose restrictions on multi-piece wheels.
Following extensive discovery, Southwest Wheel, Inc., filed a motion for summary judgment and a supporting affidavit which asserted that: (1) they did not sell the product to Johnson, so could not be held strictly liable for a product defect or for failure to warn of dangers in using the product; and (2) they had no knowledge of any alleged conspiracy, and furthermore, the actions alleged to be a conspiracy were not unlawful.
In response to Southwest Wheel's motion for summary judgment, appellants filed a brief in which they assert Southwest Wheel is liable solely on the basis of negligent performance of an assumed duty and conspiracy.
The trial court considered the motion and response, the pleadings, affidavits, and numerous depositions, and held that Southwest Wheel had established its entitlement to judgment as a matter of law. On appeal appellants assert, as their sole point of error, that the trial court erred in granting summary judgment. They argue that genuine issues of fact exist regarding the breach of an assumed duty and conspiracy.
When reviewing the granting of a motion for summary judgment, we must consider the summary judgment evidence in the light most favorable to the nonmovants and indulge every reasonable inference in their favor. Wilcox v. St. Mary's University, 531 S.W.2d 589, 593 (Tex.1975). The movant for summary judgment has the burden to show that there are no genuine issues of material fact and that movant is entitled to *772 judgment as a matter of law. MMP, Ltd. v. Jones, 710 S.W.2d 59, 60 (Tex.1986).
When a movant's summary judgment proof is sufficient as a matter of law to establish movant's entitlement to a summary judgment, the nonmovant must file a written answer or response to the motion which fairly apprises the movant and the trial court of the issues the nonmovant contends should defeat the motion. City of Houston v. Clear Creek Basin Authority, 589 S.W.2d 671, 679 (Tex.1979); Tex.R. Civ.P. 166-A(c). Any issue not expressly presented to the trial court in response to a motion for summary judgment may not later be considered on appeal as grounds for reversal. City of Houston, 589 S.W.2d at 679; Tex.R.Civ.P. 166-A(c).
By its motion for summary judgment, Southwest Wheel asserted that it had not sold the allegedly defective product or any Firestone FL-type wheel or wheel component to Johnson Construction Company between the date of the manufacture of the wheel rim in question (1972) and the date of the accident (1983). It relies on the rule that strict liability is imposed on sellers, manufacturers, and designers of defective products who introduce the product into the stream of commerce. Alm v. Aluminum Co. of America, 717 S.W.2d 588, 590-591 (Tex.1986); Armstrong Rubber Co. v. Urquidez, 570 S.W.2d 374, 376 (Tex. 1978); Rourke v. Garza, 530 S.W.2d 794, 800 (Tex.1975); Restatement (Second) of Torts § 402A (1965).
William R. Mendell, controller for Southwest Wheel, stated in his deposition and his sworn affidavit that he had personally reviewed the records of every transaction between 1972 and 1983 and had found no sale, delivery, or transfer of any Firestone FL wheel or components to Johnson Construction Company.
Orville Clark, sales representative for Southwest Wheel, testified that over the past twenty years he has sold multi-piece rims to Johnson Construction, but not Firestone FL-type rims. Clark reviewed the records of Johnson Construction Company and also stated that they reflected no sales of the Firestone FL-type rim.
These records were available for review by appellants. This testimony by employees of Southwest Wheel is clear, positive, direct, otherwise credible and free from contradictions and inconsistencies, and could have been readily controverted; thus, it is competent summary judgment proof. Tex.R.Civ.P. 166-A(c).
By their response, appellants wholly failed to controvert this proof of no sales of the Firestone FL-type rim, instead arguing that Southwest Wheel missed the theory upon which its liability is based, i.e., assumed duty. Due to appellants' apparent abandonment of strict liability in their response and on appeal, we may not now consider that issue as grounds for reversal. City of Houston v. Clear Creek Basin Authority, 589 S.W.2d at 679; Tex.R.Civ.P. 166-A(c).
Appellants have based their response and their appeal, in part, on the theory that Southwest Wheel gratuitously undertook, or assumed the duty, to disseminate instructional and warning materials about all multi-piece rims, including the Firestone FL-type rims, and breached that duty by negligently failing to warn Johnson Construction. Under this theory, it would not matter that Southwest Wheel did not sell the product to Johnson.
Appellants' theory of recovery is based on the rule that "one who voluntarily undertakes an affirmative course of action for the benefit of another has a duty to exercise reasonable care that the other's person or property will not be injured thereby." Colonial Savings Association v. Taylor, 544 S.W.2d 116, 119 (Tex.1976). The rule is stated in the Restatement (Second) of Torts § 323 (1965) as follows:
One who undertakes, gratuitously or for consideration, to render services to another which he should recognize as necessary for the protection of the other's person or things, is subject to liability to the other for physical harm resulting from his failure to exercise reasonable care to perform his undertaking, if
(a) his failure to exercise such care increases the risk of such harm, or
*773 (b) the harm is suffered because of the other's reliance upon the undertaking.
The crux of appellants' argument is that Southwest Wheel undertook to disseminate warning and instructional information regarding the servicing and handling of the multi-piece rims, but failed to distribute such information to Johnson Construction or to appellant. Appellants argue that the failure to distribute that information to Johnson Construction was a breach of Southwest Wheel's duty to use reasonable care in the performance of a task already undertaken, in accordance with Section 323 of the Restatement (Second) of Torts.
The cases require that some action be taken by the tortfeasor so that the negligent performance of the task causes the harm and increases the risk, or that the assertion of intention to so perform was relied on by the injured party and that reliance caused the harm. The performance of the task in a negligent manner ultimately gives rise to liability. In Bolin v. Tenneco, 373 S.W.2d 350 (Tex.1963), Tenneco rebuilt a road in a allegedly negligent fashion and a member of the public was injured by using the road. A cause of action existed because of the rebuilding of the road, not because of any obligation to rebuild it properly.
In Osuna v. Southern Pacific Railway Co., 641 S.W.2d 229 (Tex.1982), the activity of the railway giving rise to liability was the failure to maintain the crossing signal after it was installed, although there was no obligation on the railway to install it initially. Once the task has been begun, or the duty undertaken, it must be carried through in a non-negligent fashion.
In Colonial Savings, Colonial obtained fire insurance on Taylor's property, and so informed him. Colonial's failure to have insured one of the houses, which was later destroyed by fire, gave rise to the cause of action.
Here appellants' complaint is that Southwest Wheel failed to distribute the materials to Johnson.
Orville Clark, sales representative for Southwest Wheel, stated in his deposition that he regularly distributed catalogs to his customers to familiarize them with the products sold by Southwest Wheel. He stated that he had distributed at least one catalog to Johnson Construction in the past, but he could not recall the nature of the catalog. Clark explained that the catalogs he distributed to customers generally contain information about the various products sold by the manufacturer, as well as instructional and safety information on the products.
In order to have a cause of action for breach of an assumed duty, the negligent rendering of a service to another must have increased the risk of harm, or the harm must have been suffered because of the other's reliance on performance of the task. Colonial Savings, 544 S.W.2d at 120. Here, the alleged failure to warn did not increase the risk of the rim separating during installation, as this was inherent in the product. See id. There is no assertion or evidence that Johnson relied on Southwest Wheel to warn of the dangers of its products and that this reliance caused the harm. In the absence of any increased risk of harm or reliance causing the harm, no cause of action can lie for breach of an assumed duty. Under these facts, we hold that there can be no cause of action for breach of an assumed duty to warn. The trial court did not err in granting summary judgment on this cause of action.
Appellants also contend that an issue of fact exists regarding their cause of action for conspiracy. Appellants allege that "as a member of the National Wheel & Rim Association (NWRA), Southwest conspired with the rim manufacturing industry, including Firestone, to thwart the efforts of the National Highway Traffic Safety Administration (NHTSA) to ban and/or recall multi-piece rims in 1978, which is an illegal act under the National Traffic Motor Vehicle Safety Act (NTMVSA)."
Appellants' response to Southwest Wheel's motion for summary judgment was not sworn to and included no sworn affidavits. It consisted of a legal brief accompanied by an unauthenticated, unsworn letter, and two unauthenticated excerpts *774 of testimony from out-of-state trials. These documents were not proper summary judgment evidence. Tex.R.Civ.P. 166-A(e). They were not considered by the trial court and will not be considered by this Court. Thus, appellants offer no summary judgment proof to controvert Mendell's sworn affidavit that Southwest Wheel was not involved in or aware of any conspiracy. City of Houston v. Clear Creek Basin Authority, 589 S.W.2d at 679.
We note that an actionable civil conspiracy is a combination by two or more persons to accomplish an unlawful purpose or to accomplish a lawful purpose by unlawful means. Massey v. Armco Steel Co., 652 S.W.2d 932, 934 (Tex.1983). The essential elements are: (1) two or more persons; (2) an object to be accomplished; (3) a meeting of the minds on the object or course of action; (4) one or more unlawful, overt acts; and (5) damages as the proximate result. Id.
An essential element of conspiracy is an unlawful, overt act. The alleged overt act was the attempt by the National Wheel & Rim Association, of which Southwest Wheel is a member, to influence a government agency not to recall or ban multi-piece rims. The National Wheel & Rim Association allegedly submitted the results of a safety study on the rims to the trade press, the government agency, legislators, and other interested parties.
In Eastern Railroads Presidents Conference v. Noerr Motor Freight, 365 U.S. 127, 81 S.Ct. 523, 5 L.Ed.2d 464 (1961), the United States Supreme Court held that "the Sherman Act does not prohibit two or more persons from associating together in an attempt to persuade the legislature or the executive to take particular action with respect to a law. . . ." Id. at 365 U.S. at 136, 81 S.Ct. at 529. The Supreme Court reasoned that:
In a representative democracy such as this, these branches of government act on behalf of the people and, to a very large extent, the whole concept of representation depends upon the ability of the people to make their wishes known to their representatives.
Id. at 137, 81 S.Ct. at 529. The right of petition is one of the freedoms protected by the Bill of Rights, and an attempt to invade these freedoms will not be taken lightly. See id. at 138, 81 S.Ct. at 530.
The right of the people to inform their representatives in government of their desires with respect to the passage or enforcement of laws cannot properly be made to depend upon their intent in doing so. It is neither unusual nor illegal for people to seek action on laws in the hope that they may bring about an advantage to themselves and a disadvantage to their competitors. [Emphasis added.]
Id. at 139, 81 S.Ct. at 530. In United Mine Workers v. Pennington, 381 U.S. 657, 670, 85 S.Ct. 1585, 1593, 14 L.Ed.2d 626 (1965), the Supreme Court once again stated that joint efforts to influence public officials are not illegal.
We find the rationale of the Noerr-Pennington doctrine applicable to the case at bar and hold that the act alleged by appellants was not illegal. Thus, Southwest Wheel has negated an element of the alleged conspiracy. We find no issue of material fact exists as to the cause of action for conspiracy. The trial court did not err in granting summary judgment on the conspiracy cause of action.
The judgment of the trial court is affirmed.

OPINION ON MOTION FOR REHEARING
Appellant's motion for rehearing is denied. However, a clarification of the discussion in our original opinion is in order.
We first point out to appellants that the Firestone FL-type rim involved in this case was first manufactured in June 1972; therefore, there would have been a sales period prior to that date and Southwest Wheel correctly submitted summary judgment proof regarding transactions between 1972 and 1983.
We modify our opinion and agree with appellants only to the extent that the purpose of a warning was not to lessen the risk of rim separation, but to lessen the risk of injury to the user. However, as *775 noted in our opinion, there is no assertion or evidence that Johnson relied on Southwest Wheel to warn of the dangers of its products and that this reliance caused the harm. See page 773.
As Justice Kilgarlin writes in City of Denton v. Van Page, 701 S.W.2d 831, 836 (Tex.1986), in order to recover under section 324A,[1] "a plaintiff must prove that the defendant's failure to exercise reasonable care increased the risk of harm, or that the defendant undertook to perform a duty owed by another to the plaintiff, or that the plaintiff relied on the defendant's undertaking."
Although Van Page involved § 324A whereas this case concerns § 323, both rules require a showing of increased risk of harm or reliance on a defendant's actions. Appellants were required to show that they relied on Southwest Wheel's warning and that this reliance caused the harm.
There was no evidence that raised an issue of reliance. Accordingly, appellants' motion for rehearing is OVERRULED.
NOTES
[1] The rule is stated in the restatement (Second) of Torts § 324A (1965) as follows:

One who undertakes, gratuitously or for consideration, to reder services to another which he should recognize as necessary for the protection of a third person or his things, is subject to liability to the third person for physical harm resulting from his failure to exercise reasonable care to protect his undertaking, if(a) he has undertaken to perform a duty owed by the other to the third person, or (b) he has undertaken to perform a duty owed by the other to the third person, or (c) the harm is suffered because of reliance of the other or the third person upon the undertaking.