NO. 07-08-0160-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

JULY 9, 2009

_____


CHARLOTTE WELCH, INDIVIDUALLY AND AS REPRESENTATIVE
OF THE ESTATE OF L.V. WELCH, APPELLANT

V.

HURD OIL FIELD SERVICE, INC., APPELLEE

_____

FROM THE 415TH DISTRICT COURT OF PARKER COUNTY;

NO. CV-07-2836; HONORABLE GRAHAM QUISENBERRY, JUDGE

_____

Before CAMPBELL and HANCOCK and PIRTLE, JJ.


**MEMORANDUM OPINION**

"It is ancient learning that one who assumes to act, even though gratuitously,
may thereby become subject to the duty of acting carefully, if he acts at all.
. . . The query always is whether the putative wrongdoer has advanced to
such a point as to have launched a force or instrument of harm, or has
stopped where inaction is at most a refusal to become an instrument of
good."

Benjamin N. Cardozo[1]

---

[1]*H.R. Moch Co. v. Rensselaer Water Co.,* 247 N.Y. 160, 167, 159 N.E. 896, 898 (1928); *Glanzer v. Shepard*, 233 N.Y. 236, 239, 135 N.E. 275, 276 (1922).

Appellant, Charlotte Welch, individually and as representative of the Estate of L.V. Welch (hereinafter collectively Welch), appeals from a summary judgment entered in favor of Appellee, Hurd Oil Field Service, Inc., on Welch's negligence claim asserted in a wrongful death suit. In that suit, Welch asserted that Robert Browning, a Hurd employee, owed L.V. Welch (hereinafter L.V.) a duty of care to keep him safe from injury and that Browning's breach of that duty ultimately resulted in L.V.'s death. Welch's single issue is whether the trial court erred in its determination that Hurd owed no duty of care to L.V. as a matter of law. We affirm.

## Background

On August 4, 2004, L.V. was employed by Pinnacle Technologies, Inc., as part of a crew performing microseismic mapping operations for Republic Energy, Inc. Pinnacle contracted Hurd to perform certain services in connection with this project, including the operation of a crane to lift fiberoptic cable. Browning was employed by Hurd as a crane operator. Whenever Hurd employees were idle on a jobsite, they were instructed to assist their client as a complimentary service.[2] On this particular day, Browning was assisting Pinnacle employees, including L.V., in the laying of fiberoptic cable on Republic's Woods No. 1 Lease in Parker County, Texas. At that time, L.V. had been employed by Pinnacle for approximately a month and wore a "green hat" signifying he was an inexperienced worker in need of more experienced workers to watch out for him. Before they completed

---

[2]Browning described his willingness to assist Pinnacle employees to do their jobs as follows: "It is complimentary to [Hurd's] customers that we do our job and try to go the extra mile to help them."

laying the cable, two Pinnacle employees, Frank Melendez and Billy Reed, left the jobsite to purchase an air conditioner for the logging truck at the Dobbs well site.

Browning and L.V. subsequently drove to the Dobbs well site in Browning's truck. While Browning remained in his truck, he observed L.V. enter the logging truck and then exit acting irrationally. Browning believed L.V.'s behavior may have been drug induced. He called Melendez and Reed several different times describing L.V.'s strange behavior. Melendez and Reed indicated they would return as soon as possible. When L.V. began walking away from the well site, Browning yelled out to him several times. L.V. did not acknowledge Browning but continued to walk towards the tree line. Browning then observed Melendez's vehicle coming through the gate. Thereafter, they located L.V. and drove him to a hospital where L.V. eventually died from heat exhaustion.

On August 4, 2005, Welch filed a wrongful death suit against Hurd.[3] In that suit, Welch contends that Browning owed L.V. a duty of care to keep him safe from injury, that Browning breached that duty, that L.V. died as a result of that breach, and that Hurd was responsible for Browning's negligence as his employer.

On September 21, 2007, Hurd filed traditional and no-evidence motions for summary judgment asserting Browning owed no duty of care to L.V. In its response, Welch asserted that Browning assumed a duty of care to watch over L.V. at the Woods well site because L.V. was an inexperienced Pinnacle employee wearing a "green hat," and

---

[3]Welch also sued Pinnacle Technologies, Inc. and Republic Resources, Inc.

his immediate supervisor(s), Pinnacle employees – Melendez and/or Reed, left to purchase an air conditioner. The trial court granted summary judgment in favor of Hurd.

The trial court subsequently granted Hurd's motion to sever Welch's negligence claim against Hurd from the primary suit and entered final judgment in favor of Hurd. Thereafter, Welch appealed.

## I. Standard of Review

To prevail on a motion for summary judgment, a party must conclusively establish the absence of any genuine issue of material fact and that he or she is entitled to judgment as a matter of law. Tex. R. Civ. P. 166a (c). *See Browning v. Prostok,* 165 S.W.3d 336, 344 (Tex. 2005). In reviewing the trial court's judgment, we apply well-established standards: (1) the movant has the burden of showing there is no genuine issue of material fact and that it is entitled to judgment as a matter of law; (2) in deciding whether there is a disputed material fact issue precluding summary judgment, evidence favorable to the non-movant will be taken as true; and (3) every reasonable inference must be indulged in favor of the non-movant and any doubts resolved in its favor. *Am. Tobacco Co. v. Grinnell,* 951 S.W.2d 420, 425 (Tex. 1997), *(*citing *Nixon v. Mr. Prop. Mgmt.* Co., 690 S.W.2d 546, 548-49 (Tex. 1985)). When, as here, an order granting summary judgment does not specify or state the grounds relied on, the summary judgment will be affirmed on appeal if any of the grounds presented in the motion are meritorious. *Western Investments, Inc. v. Urena,* 162 S.W.3d 547, 550 (Tex. 2005); *Carr v. Brasher*, 776 S.W.2d 567, 569 (Tex. 1989).

We review the trial court's summary judgment *de novo*; *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005), and, when a party seeks a traditional and no-evidence summary judgment, we first review the trial court's summary judgment under the no evidence standards of Rule 166a(i) of the Texas Rules of Civil Procedure. *Ford Motor Co. v. Ridgway*, 135 S.W.3d 598, 600 (Tex. 2004). If the non-movant failed to produce more than a scintilla of evidence raising a genuine issue of fact on the challenged elements of his claims, there is no need to analyze whether the movant's summary judgment evidence satisfied the traditional summary judgment burden of proof under Rule 166a(c). *Id.; Cox Texas Newspapers, L.P. v. Penick*, 219 S.W.3d 425, 432 (Tex.App.–Austin 2007, pet. denied).

## II.      Negligence – Duty of Care

To successfully prove a negligence claim, Welch was required to establish that Hurd violated a legal duty owed to L.V. *Torrington Co. v. Stutzman*, 46 S.W.3d 829, 837 (Tex. 2000).[4] The existence of a duty is a question of law for the court to decide from the facts surrounding the particular occurrence. *Golden Spread Council, Inc. No. 562 of the Boy Scouts of America v. Akins*, 926 S.W.2d 287, 289 (Tex. 1996). *See Whitney Crowne Corp. v. George Distributors, Inc.*, 950 S.W.2d 82, 88 (Tex.App.–Amarillo 1997, writ denied).

As a general rule, a person is under no duty to control the conduct of another even if he has the practical ability to exercise such control. *Whitney Crowne*, 950 S.W.2d at 89

---

[4]A duty is an obligation to conform to a particular standard of conduct toward another and, when no duty exists, no legal liability can arise on account of negligence. *Doe v. Boys Clubs of Greater Dallas, Inc.*, 868 S.W.2d 942, 949 (Tex.App.–Amarillo 1994, no writ).

(citing *Otis Eng'g Corp. v. Clark,* 668 S.W.2d 307 (Tex. 1983)). While Texas law imposes no general duty to become a good Samaritan, however, a duty to use reasonable care may arise when a person undertakes to provide services to another, either gratuitously or for compensation. *Torrington*, 46 S.W.3d at 838 (citing *Fort Bend County Drainage Dist. v. Sbrusch*, 818 S.W.2d 392, 396 (Tex. 1991)). The Restatement (Second) of Torts § 324A states the rule as follows:

> One who undertakes, gratuitously or for consideration, to render services to another which he should recognize as necessary for the protection of a third person or his things, is subject to liability to the third person for physical harm resulting from his failure to exercise reasonable care to protect his undertaking, if
>
> (a) his failure to exercise reasonable care increases the risk of such harm, or
>
> (b) he has undertaken to perform a duty owed by the other to the third person, or
>
> (c) the harm is suffered because of reliance of the other or the third person upon the undertaking.

Restatement (Second) of Torts § 324A (1965).

Here, Welch asserts Browning assumed a duty to supervise and care for L.V. because: (1) L.V. was an inexperienced worker wearing a "green hat"; (2) Browning was an experienced worker who understood he needed to use extra care around a "green hat" at a jobsite; (3) Browning was using extra care around L.V. while laying cable at the Woods wellsite; and (4) Browning was alone with L.V. at the Woods and Dobbs well sites. Welch asserts Browning breached this duty of care by failing to call "911" when he observed L.V.'s irrational behavior. In order to have a cause of action for breach of an assumed

6

duty, the negligent rendering of a service to another must have increased the risk of harm, or the harm must have been suffered because of the other's reliance on performance of the task. *Diaz v. Southwest Wheel, Inc.*, 736 S.W.2d 770, 773 (Tex.App.–Corpus Christi 1987, writ denied).

After Melendez and Reed left the jobsite, Browning did nothing to assume a duty to supervise L.V. The obligation of one contractor to supervise the work of another contractor is not one imposed by law but by contract. *Yeager v. Drillers, Inc.*, 930 S.W.2d 112, 118 (Tex.App.–Houston [1st Dist.] 1996, no writ) (citing *Williford Energy Co. v. Submersible Cable Serv., Inc.*, 895 S.W.2d 379, 386 (Tex.App.–Amarillo 1994, no writ). Here, there is no evidence of record indicating any such contractual obligation running from Hurd to Pinnacle.

That said, Browning's undertaking was a gratuitous one, i.e., assisting Pinnacle employees, including L.V., in laying cable when he was not operating the crane. This was a work-related responsibility undertaken by Browning to render better service to Pinnacle, Hurd's client. There is no evidence L.V. suffered any harm while Browning performed this gratuitous assistance. And, in the absence of any increased risk of harm to L.V. or reliance by L.V. causing harm, no cause of action can lie against Hurd for breach of such an assumed duty. *See Diaz,* 736 S.W.2d at 773.

Furthermore, after Browning and L.V. ceased laying cable and left the Woods well site, Browning had completed his undertaking and no longer owed L.V. any duty to either

7

assist L.V. with his work or watch out for him because he was a "green hat."[5] "A person's duty to exercise reasonable care in performing a voluntarily assumed undertaking is limited to that undertaking, and will not normally give rise to an obligation to perform additional acts of assistance in the future." *Sbrusch*, 818 S.W.2d at 397 n.4 (citing *City of Santee v. County of San Diego*, 211 Cal.App.3d 1006, 259 Cal.Reptr. 757 (1989)).

Here, Browning neither intervened nor offered his assistance to L.V. after he returned to the Dobbs well site and observed L.V.'s irrational behavior. Rather, he called L.V.'s supervisor(s), Melendez and/or Reed, to inform them of the situation and requested their immediate return. He merely observed and reported what was occurring until they arrived at the well site. "[A]s a matter of law . . . a mere bystander who did not create the dangerous situation is not required to become the good Samaritan and prevent injury to others." *Torrington*, 46 S.W.3d at 837 (quoting *SmithKline Beecham Corp. v. Doe*, 903 S.W.2d 347, 353 (Tex. 1995)). This is so even if Browning had believed L.V. was in need of immediate medical attention or that he should have called "911." The fact that a person realizes or should realize that action on his or her part is necessary for another's aid or protection does not of itself impose upon him a duty to take such action. Restatement (Second) of Torts § 314 (1965).

---

[5]Welch asserts that Browning's job description required him to watch out for a worker who was a "green hat." The excerpted transcript of Browning's deposition is unclear whether he testified that his job description included "look[ing] out" for guys in "green hats." Nevertheless, even if his job description required that he watch out for "green hats," Browning's testimony is clear that, when they left the Woods well site, "he knew he was supposed to watch out for Welch–as a *person*." His statement accurately reflected his legal status, i.e., he had the choice whether to become a volunteer or not.

Finding that Browning did not owe L.V. a duty of care, assumed or otherwise, Welch's sole issue is overruled.

## Conclusion

The trial court's judgment is affirmed.

Patrick A. Pirtle
Justice