NO. 07-08-0160-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A 

JULY 9, 2009

______________________________


CHARLOTTE WELCH, INDIVIDUALLY AND AS REPRESENTATIVE
OF THE ESTATE OF L.V. WELCH, APPELLANT

V.

HURD OIL FIELD SERVICE, INC., APPELLEE

_________________________________

FROM THE 415TH DISTRICT COURT OF PARKER COUNTY;

NO. CV-07-2836; HONORABLE GRAHAM QUISENBERRY, JUDGE

_______________________________

Before CAMPBELL and HANCOCK and PIRTLE, JJ.


MEMORANDUM OPINION
 
“It is ancient learning that one who assumes to act, even though gratuitously,
may thereby become subject to the duty of acting carefully, if he acts at all. 
. . . The query always is whether the putative wrongdoer has advanced to
such a point as to have launched a force or instrument of harm, or has
stopped where inaction is at most a refusal to become an instrument of
good.” 
 
                                                                                      Benjamin N. Cardozo



           Appellant, Charlotte Welch, individually and as representative of the Estate of L.V.
Welch (hereinafter collectively Welch), appeals from a summary judgment entered in favor
of Appellee, Hurd Oil Field Service, Inc., on Welch’s negligence claim asserted in a
wrongful death suit. In that suit, Welch asserted that Robert Browning, a Hurd employee,
owed L.V. Welch (hereinafter L.V.) a duty of care to keep him safe from injury and that
Browning’s breach of that duty ultimately resulted in L.V.’s death. Welch’s single issue is
whether the trial court erred in its determination that Hurd owed no duty of care to L.V. as
a matter of law. We affirm. 
Background
          On August 4, 2004, L.V. was employed by Pinnacle Technologies, Inc., as part of
a crew performing microseismic mapping operations for Republic Energy, Inc. Pinnacle
contracted Hurd to perform certain services in connection with this project, including the
operation of a crane to lift fiberoptic cable. Browning was employed by Hurd as a crane
operator. Whenever Hurd employees were idle on a jobsite, they were instructed to assist
their client as a complimentary service.


 On this particular day, Browning was assisting
Pinnacle employees, including L.V., in the laying of fiberoptic cable on Republic’s Woods
No. 1 Lease in Parker County, Texas. At that time, L.V. had been employed by Pinnacle
for approximately a month and wore a “green hat” signifying he was an inexperienced
worker in need of more experienced workers to watch out for him. Before they completed
laying the cable, two Pinnacle employees, Frank Melendez and Billy Reed, left the jobsite
to purchase an air conditioner for the logging truck at the Dobbs well site. 
          Browning and L.V. subsequently drove to the Dobbs well site in Browning’s truck. 
While Browning remained in his truck, he observed L.V. enter the logging truck and then
exit acting irrationally. Browning believed L.V.’s behavior may have been drug induced. 
He called Melendez and Reed several different times describing L.V.’s strange behavior. 
Melendez and Reed indicated they would return as soon as possible. When L.V. began
walking away from the well site, Browning yelled out to him several times. L.V. did not
acknowledge Browning but continued to walk towards the tree line. Browning then
observed Melendez’s vehicle coming through the gate. Thereafter, they located L.V. and
drove him to a hospital where L.V. eventually died from heat exhaustion. 
           On August 4, 2005, Welch filed a wrongful death suit against Hurd.


 In that suit,
Welch contends that Browning owed L.V. a duty of care to keep him safe from injury, that
Browning breached that duty, that L.V. died as a result of that breach, and that Hurd was
responsible for Browning’s negligence as his employer.
          On September 21, 2007, Hurd filed traditional and no-evidence motions for
summary judgment asserting Browning owed no duty of care to L.V. In its response,
Welch asserted that Browning assumed a duty of care to watch over L.V. at the Woods
well site because L.V. was an inexperienced Pinnacle employee wearing a “green hat,” and
his immediate supervisor(s), Pinnacle employees – Melendez and/or Reed, left to purchase
an air conditioner. The trial court granted summary judgment in favor of Hurd.
           The trial court subsequently granted Hurd’s motion to sever Welch’s negligence
claim against Hurd from the primary suit and entered final judgment in favor of Hurd. 
Thereafter, Welch appealed.
          I.        Standard of Review
          To prevail on a motion for summary judgment, a party must conclusively establish
the absence of any genuine issue of material fact and that he or she is entitled to judgment
as a matter of law. Tex. R. Civ. P. 166a (c). See Browning v. Prostok, 165 S.W.3d 336,
344 (Tex. 2005). In reviewing the trial court’s judgment, we apply well-established
standards: (1) the movant has the burden of showing there is no genuine issue of material
fact and that it is entitled to judgment as a matter of law; (2) in deciding whether there is
a disputed material fact issue precluding summary judgment, evidence favorable to the
non-movant will be taken as true; and (3) every reasonable inference must be indulged in
favor of the non-movant and any doubts resolved in its favor. Am. Tobacco Co. v. Grinnell,
951 S.W.2d 420, 425 (Tex. 1997), (citing Nixon v. Mr. Prop. Mgmt. Co., 690 S.W.2d 546,
548-49 (Tex. 1985)). When, as here, an order granting summary judgment does not
specify or state the grounds relied on, the summary judgment will be affirmed on appeal
if any of the grounds presented in the motion are meritorious. Western Investments, Inc.
v. Urena, 162 S.W.3d 547, 550 (Tex. 2005); Carr v. Brasher, 776 S.W.2d 567, 569 (Tex.
1989).
          We review the trial court’s summary judgment de novo; Valence Operating Co. v.
Dorsett, 164 S.W.3d 656, 661 (Tex. 2005), and, when a party seeks a traditional and no-evidence summary judgment, we first review the trial court’s summary judgment under the
no evidence standards of Rule 166a(i) of the Texas Rules of Civil Procedure. Ford Motor
Co. v. Ridgway, 135 S.W.3d 598, 600 (Tex. 2004). If the non-movant failed to produce
more than a scintilla of evidence raising a genuine issue of fact on the challenged elements
of his claims, there is no need to analyze whether the movant’s summary judgment
evidence satisfied the traditional summary judgment burden of proof under Rule 166a(c). 
Id.; Cox Texas Newspapers, L.P. v. Penick, 219 S.W.3d 425, 432 (Tex.App.–Austin 2007,
pet. denied). 
          II.       Negligence – Duty of Care
          To successfully prove a negligence claim, Welch was required to establish that Hurd
violated a legal duty owed to L.V. Torrington Co. v. Stutzman, 46 S.W.3d 829, 837 (Tex.
2000).


 The existence of a duty is a question of law for the court to decide from the facts
surrounding the particular occurrence. Golden Spread Council, Inc. No. 562 of the Boy
Scouts of America v. Akins, 926 S.W.2d 287, 289 (Tex. 1996). See Whitney Crowne Corp.
v. George Distributors, Inc., 950 S.W.2d 82, 88 (Tex.App.–Amarillo 1997, writ denied). 
          As a general rule, a person is under no duty to control the conduct of another even
if he has the practical ability to exercise such control. Whitney Crowne, 950 S.W.2d at 89
(citing Otis Eng’g Corp. v. Clark, 668 S.W.2d 307 (Tex. 1983)). While Texas law imposes
no general duty to become a good Samaritan, however, a duty to use reasonable care may
arise when a person undertakes to provide services to another, either gratuitously or for
compensation. Torrington, 46 S.W.3d at 838 (citing Fort Bend County Drainage Dist. v.
Sbrusch, 818 S.W.2d 392, 396 (Tex. 1991)). The Restatement (Second) of Torts § 324A
states the rule as follows:
One who undertakes, gratuitously or for consideration, to render services to
another which he should recognize as necessary for the protection of a third
person or his things, is subject to liability to the third person for physical harm
resulting from his failure to exercise reasonable care to protect his
undertaking, if

 
(a) his failure to exercise reasonable care increases the risk of such harm,
or

 
(b) he has undertaken to perform a duty owed by the other to the third
person, or

 
(c) the harm is suffered because of reliance of the other or the third person
upon the undertaking.





Restatement (Second) of Torts § 324A (1965).





          Here, Welch asserts Browning assumed a duty to supervise and care for L.V.
because: (1) L.V. was an inexperienced worker wearing a “green hat”; (2) Browning was
an experienced worker who understood he needed to use extra care around a “green hat”
at a jobsite; (3) Browning was using extra care around L.V. while laying cable at the Woods
wellsite; and (4) Browning was alone with L.V. at the Woods and Dobbs well sites. Welch
asserts Browning breached this duty of care by failing to call “911" when he observed
L.V.’s irrational behavior. In order to have a cause of action for breach of an assumed
duty, the negligent rendering of a service to another must have increased the risk of harm,
or the harm must have been suffered because of the other’s reliance on performance of
the task. Diaz v. Southwest Wheel, Inc., 736 S.W.2d 770, 773 (Tex.App.–Corpus Christi
1987, writ denied). 
          After Melendez and Reed left the jobsite, Browning did nothing to assume a duty to
supervise L.V. The obligation of one contractor to supervise the work of another contractor
is not one imposed by law but by contract. Yeager v. Drillers, Inc., 930 S.W.2d 112, 118
(Tex.App.–Houston [1st Dist.] 1996, no writ) (citing Williford Energy Co. v. Submersible
Cable Serv., Inc., 895 S.W.2d 379, 386 (Tex.App.–Amarillo 1994, no writ). Here, there is
no evidence of record indicating any such contractual obligation running from Hurd to
Pinnacle. 
          That said, Browning’s undertaking was a gratuitous one, i.e., assisting Pinnacle
employees, including L.V., in laying cable when he was not operating the crane. This was
a work-related responsibility undertaken by Browning to render better service to Pinnacle,
Hurd’s client. There is no evidence L.V. suffered any harm while Browning performed this
gratuitous assistance. And, in the absence of any increased risk of harm to L.V. or reliance
by L.V. causing harm, no cause of action can lie against Hurd for breach of such an
assumed duty. See Diaz, 736 S.W.2d at 773.
          Furthermore, after Browning and L.V. ceased laying cable and left the Woods well
site, Browning had completed his undertaking and no longer owed L.V. any duty to either
assist L.V. with his work or watch out for him because he was a “green hat.”


 “A person’s
duty to exercise reasonable care in performing a voluntarily assumed undertaking is limited
to that undertaking, and will not normally give rise to an obligation to perform additional
acts of assistance in the future.” Sbrusch, 818 S.W.2d at 397 n.4 (citing City of Santee v.
County of San Diego, 211 Cal.App.3d 1006, 259 Cal.Reptr. 757 (1989)). 
          Here, Browning neither intervened nor offered his assistance to L.V. after he
returned to the Dobbs well site and observed L.V.’s irrational behavior. Rather, he called
L.V.’s supervisor(s), Melendez and/or Reed, to inform them of the situation and requested
their immediate return. He merely observed and reported what was occurring until they
arrived at the well site. “[A]s a matter of law . . . a mere bystander who did not create the
dangerous situation is not required to become the good Samaritan and prevent injury to
others.” Torrington, 46 S.W.3d at 837 (quoting SmithKline Beecham Corp. v. Doe, 903
S.W.2d 347, 353 (Tex. 1995)). This is so even if Browning had believed L.V. was in need
of immediate medical attention or that he should have called “911.” The fact that a person
realizes or should realize that action on his or her part is necessary for another’s aid or
protection does not of itself impose upon him a duty to take such action. Restatement
(Second) of Torts § 314 (1965).
           Finding that Browning did not owe L.V. a duty of care, assumed or otherwise,
Welch’s sole issue is overruled.
Conclusion
          The trial court’s judgment is affirmed.
 
                                                                           Patrick A. Pirtle

                                                                                 Justice